DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
(415) 829-4330
david@hrw-law.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROSENBERG-WOHL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPT. OF HOMELAND SECURITY'S TRANSPORTATION SECURITY ADMINISTRATION (TSA) AND JPMORGAN CHASE & CO. AND DOES 1-10,<br><br>Defendants. | Case No.: 3:19-cv-6159<br><br>**COMPLAINT [CLASS ACTION]** |

Plaintiff Katherine Rosenberg-Wohl, by and through the undersigned counsel, bring this Complaint on behalf of herself and all other consumers similarly situated throughout the United States (as described in the Class Action Allegations below) against Defendants U.S. Department

COMPLAINT [CLASS ACTION] - 1

of Homeland Security's Transportation Security Administration ("TSA") and JPMorgan Chase & Co. ("Chase") and Does 1-10 (collectively, "Defendants") for damages, restitution, declaratory and injunctive relief, along with attorneys' fees, and in support thereof state as follows:

## PARTIES, JURISDITION AND VENUE

1. Plaintiff Katherine Rosenberg-Wohl is a consumer residing in California.
2. TSA is a federal agency organized within the US Department of Homeland Security.
3. Chase is a Delaware corporation. Chase conducts its banking operations, including the operations involving its credit cards, through its subsidiary J.P. Morgan Chase Bank, N.A. (dba Chase Bank), with headquarters in New York.
4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) because the plaintiff's individual claim against the United States is based upon an "express or implied contract with the United States" for less than $10,000.00 (claims are not aggregated as class claims for jurisdictional purposes). This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because when attorneys' fees, permitted under the claims and facts alleged, are totaled, the dispute exceeds the sum or value of $75,000.00.
5. Defendants are subject to personal jurisdiction in California pursuant to 28 U.S.C. §§ 1332(a)-(c); 1391(b)(2) and (3) because they entered into agreements with Plaintiff, who lives there.
6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendants seek to do and do business in this District, Defendants have transacted business with Plaintiff in this District, and Defendants are subject to personal jurisdiction in this

COMPLAINT [CLASS ACTION] - 2

District. *See* Declaration of Katherine A. Rosenberg-Wohl, attached hereto as Exh. 1 at ¶¶ 2-4.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of these fictitiously named defendants when that information is ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously names defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were directly and legally caused by the aforementioned defendants. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of these defendants was the agent and employee of each of the remaining defendant and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FACTUAL ALLEGATIONS

8. TSA manages and operates an expedited security screening program. This program allows travelers to move through security more quickly: travelers do not need to remove shoes, laptops, liquids, belts or light jackets.

9. As of February 2017, TSA significantly reduced access to expedited screening except for travelers enrolled in one of its Trusted Traveler Programs. TSA Precheck is such a program. Travelers enrolled in TSA Precheck obtain a Known Traveler Number (KTN) which identifies them as participants in the expedited security screening program.

10. TSA strongly recommends that travelers who make at least three roundtrips per year enroll in such a program.

COMPLAINT [CLASS ACTION] - 3

11. Expedited travel is of interest to every consumer, but particularly frequent travelers, such as those traveling for business.

12. Plaintiff paid for TSA Precheck with her United Explorer Card issued by JPMorgan Chase & Co. (8012) on April 28, 2016.

13. Because she used the United Explorer Card, under terms promised jointly by TSA and by JPMorgan Chase & Co., Plaintiff was to have received a credit of $85 posted to that card within 24 hours.

14. She has not.

15. Chase has explained that the reason is that her card, while an Explorer Card, is categorized as a "business" card, not a "consumer" card.

16. Nothing in the contractual language written by either TSA or by Chase distinguishes between a business card and a consumer card: all that is mentioned is an Explorer Card.

17. Nor is the difference meaningful. This business card simply segregates each family member's purchase into separate accounts under one master statement. Besides, businesses do not obtain TSA Precheck – individuals do.

18. Plaintiff has demanded that TSA, on the one hand, and Chase, on the other hand, correct this problem as required under California's CLRA. *See* Declaration of David M. Rosenberg-Wohl, attached hereto as Exh. 2 at ¶ 2 and Exh. A thereto.

19. Defendant TSA failed to respond at all. *See* Declaration of David M. Rosenberg-Wohl, attached hereto as Exh. 2 at ¶ 3.

20. Defendant Chase responded twice, each time stating that there was no evidence Chase offered the benefit to holders of business cards such as Plaintiff. *See* Declaration of David M. Rosenberg-Wohl, attached hereto as Exh. 2 at ¶ 4 and Exhs. B-D thereto.

21. Plaintiff has not simply lost her promised $85 credit. Under the terms of the offer, the $85 credit is to be repeated in four years' time, on or about April 28, 2020. (The TSA Precheck lasts for five years.)

22. Given that the business/consumer distinction has been used by Chase regarding TSA Precheck, Plaintiff is informed and believes and on that basis alleges that TSA and Chase have taken the same approach with respect to the Global Entry service, another expedited screening program administered by TSA, the purchase of which is promised to result in a $100 rebate per account, resulting in the denial of credits for all family members who have used Explorer Cards to purchase Global Entry as well.

**CLASS ACTION ALLEGATIONS**

23. **Class definition:**

24. All U.S. consumers from any date to the present who have purchased TSA Precheck with Explorer Cards that are business cards.

25. All U.S. consumers from any date to the present who have purchased Global Entry with Explorer Cards that are business cards.

**26. Subclasses:**

27. All California consumers from any date to the present who have purchased TSA Precheck with Explorer Cards that are business cards.

28. All California consumers from any date to the present who have purchased Global Entry with Explorer Cards that are business cards.

29. Numerosity. There are so many potential class members that individual joinder of class members is impractical. Countless consumers have credit cards. An expedited security screening program is attractive for consumers. Credit cards compete for business with

COMPLAINT [CLASS ACTION] - 5

consumers by offering varying benefits. It is likely that many consumers have opted for the benefits promised by TSA and Chase in connection with the Explorer Card.

30. Commonality. The question of whether the joint offer by TSA and Chase excludes consumers who happen to have "business" cards is a discrete question of law. Since Chase tracks whether or not a consumer happens to have a business card, this is a discrete question of fact. These discrete questions of law and fact apply equally to all class members and are therefore common to class members.

31. Typicality. The claims of the Plaintiff here, putative class representative, are typical of those of absent class members, in that she responded to the joint offer, paid her money, received her card, but was denied the promised benefit.

32. Adequacy of representation. Class counsel and Plaintiff intend to fairly and adequately protect the interests of absent class members. *See* Declaration of Katherine A. Rosenberg-Wohl, attached hereto as Exh. 1 at ¶ 5; Declaration of David M. Rosenberg-Wohl, attached hereto as Exh.2 at ¶ _.

33. There is a potential conflict down the road should Plaintiff remain class representative, because she is the wife of the undersigned attorney. That conflict is potential because courts are often concerned that class counsel may enter a "sweetheart" deal with a class representative at the expense of other class members. This potential conflict may be rebutted, and it can be rebutted here because any settlement or award that is accorded to Plaintiff will be precisely the same as that awarded to any other consumer in her position. It is also a potential conflict likely to be avoided, once discovery identifies other consumers in Plaintiff's position.

**(FIRST CLAIM FOR RELIEF)**

COMPLAINT [CLASS ACTION] - 6

**(common law breach of contract)**

34. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-32 of this Complaint as if fully set forth herein.

35. Promising a credit and then refusing to provide it is breach of contract under the law (common or statutory) of every state.

**(SECOND CLAIM FOR RELIEF)**

**(common law conversion/*quantum meruit*/restitution)**

36. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-34 of this Complaint as if fully set forth herein.

37. Holding onto a consumer's money and refusing or failing to provide any part of a promised return is converting that consumer's money to the ownership of defendants; that money equitably belongs to Plaintiff.

**(THIRD CLAIM FOR RELIEF)**

**(unfair competition statutes, such as California's UCL: unlawful, unfair, fraudulent)**

38. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein.

39. The conduct alleged is unlawful (under each of the claims for relief stated), unfair and fraudulent, in that a promised benefit of real value upon which cardholder applicants reasonably rely is regularly not in fact provided.

40. Each state in the nation has such a law prohibiting unfair competition.

**(FOURTH CLAIM FOR RELIEF)**

**(false advertising, such as California's FAL)**

COMPLAINT [CLASS ACTION] - 7

41. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-39 of this Complaint as if fully set forth herein.

42. The conduct alleged is false advertising.

43. Each state in the nation has such a law prohibiting false advertising.

**(FIFTH CLAIM FOR RELIEF)**

**(consumer fraud, such as California's CLRA)**

44. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-42 of this Complaint as if fully set forth herein.

45. Defendants' statements representing that goods have characteristics or benefits that they do not have, advertising goods with intent not to sell them as advertised, and representing that a transaction confers or involves rights that it does not have or involve, are in violation of Cal. Civ. Code §§ 1770(a)(5), (9), and (14).

46. Each state in the nation has such a law protecting consumers from deceptive and/or fraudulent conduct.

**DEMAND FOR RELIEF**

47. WHEREFORE, Plaintiff prays for judgment against Defendants that:

   a. Defendants be preliminarily and permanently enjoined from committing the acts alleged herein as well as be declared in violation of each of these laws;

   b. Defendants be ordered to provide restitution to Plaintiff;

   c. Defendants be ordered to pay Plaintiff's attorneys' fees and costs to the extent available, including under 28 U.S.C. § 2412(d) and under state laws such as Cal. Code Civ. Proc. § 1021.5, because this lawsuit is in the public interest; and

   d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully requests a jury trial on all issues triable thereby.

Dated this 25th of September, 2019.

                                           /s/ David M. Rosenberg-Wohl
                                           David M. Rosenberg-Wohl
                                           HERSHENSON ROSENBERG-WOHL
                                           A PROFESSIONAL CORPORATION

COMPLAINT [CLASS ACTION] - 9